**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| ANNE ARUNDEL COUNTY, MARYLAND ) | |
| ) | Case No. 1:18-cv-00519-GLR |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PURDUE PHARMA L.P.; ) | |
| PURDUE PHARMA, INC.; ) | |
| THE PURDUE FREDERICK COMPANY; ) | |
| TEVA PHARMACEUTICALS USA, INC.; ) | |
| CEPHALON, INC.; JOHNSON & JOHNSON; ) | |
| ORTHO-MCNEIL-JANSSEN ) | |
| PHARMACEUTICALS, INC. ) | |
| n/k/a JANSSEN PHARMACEUTICALS, INC.; ) | |
| JANSSEN PHARMACEUTICA, INC. ) | |
| n/k/a JANSSEN PHARMACEUTICALS, INC.; ) | |
| ENDO HEALTH SOLUTIONS INC.; ) | |
| ENDO PHARMACEUTICALS INC.; ) | |
| INSYS THERAPEUTICS, INC.; ) | |
| CARDINAL HEALTH, INC.; ) | |
| MCKESSON CORPORATION; ) | |
| AMERISOURCEBERGEN DRUG ) | |
| CORPORATION; WILLIAM THAM, M.D.; ) | |
| PHYSICAL MEDICINE AND PAIN ) | |
| MANAGEMENT ASSOCIATES, P.C.; ) | |
| KOFI SHAW-TAYLOR; HAPPINESS AGUZIE; ) | |
| TORMARCO HARRIS; MINNIE NDEM; ) | |
| STARLIFE WELLNESS CENTER LLC; ) | |
| LAWRENCE VIDAVER, M.D.; ) | |
| MARYLAND HEALING WATERS, LLC ) | |
| f/k/a MARYLAND HEALING WATERS LLC; ) | |
| JACKIE SYME, M.D.; ARUNDEL NEUROLOGY ) | |
| f/k/a ARUNDEL NEUROLOGY, P.A. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF ANNE ARUNDEL COUNTY, MARYLAND'S MEMORANDUM IN SUPPORT OF MOTION FOR REMAND**

Plaintiff Anne Arundel County, Maryland ("the County"), respectfully submits this Memorandum in Support of Motion for Remand in response to the Notice of Removal filed by Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") on February 20, 2018. Endo asserts two alternative bases for removal: (1) a request that this Court, which currently lacks subject matter jurisdiction over this action, treat Endo's Notice of Removal as a Motion to Sever as a means of manufacturing the jurisdiction lacking on the face of the complaint, and (2) a theory of "fraudulent misjoinder." The Fourth Circuit has not accepted either theory as a proper basis for removal. Perhaps more importantly, the Court need not even reach these issues, because the County's complaint, on its face, contradicts the argument on which Endo bases both of its removal theories. Endo is wrong to claim that the factual bases for the claims against the defendants Endo seeks to sever do not overlap with and are distinctly different from the basis for the claims against the defendants Endo would retain. Endo's characterization is also less than credible in that Endo has taken contradictory positions on the same "misjoinder" issue — specifically, whether claims against manufacturers and distributors should proceed together in the same action. Endo cannot overcome Article III's limits on the jurisdiction of the federal courts, and should not be permitted to play fast and loose with the courts by making self-contradictory "misjoinder" claims whenever diversity jurisdiction is lacking. The County therefore respectfully requests that this Court remand this action.

## I. Endo mischaracterizes the claims at issue, which are facially intertwined.

The County brought this action to redress Purdue Pharma, L.P.'s, Purdue Pharma, Inc.'s, the Purdue Frederick Company's, Teva Pharmaceuticals USA's, Cephalon, Inc.'s, Janssen Pharmaceuticals, Inc.'s, Ortho-McNeil-Janssen Pharmaceuticals, Inc.'s, Janssen Pharmaceutica

Inc.'s, Endo Health Solutions Inc.'s, Endo Pharmaceuticals Inc.'s, (together, "Manufacturing Defendants") and Insys Therapeutics, Inc.'s ("Defendant Insys") campaign of unfairly, deceptively, and fraudulently marketing and promoting opioids, to redress McKesson Corporation's, AmerisourceBergen Drug Corporation's, and Cardinal Health, Inc.'s (together "Distributor Defendants") unfettered distribution of opioids into Anne Arundel County, and to redress Kofi Shaw-Taylor's, Happiness Aguzie's, Minnie Ndem's, and Starlife Wellness Center LLC's widespread dissemination of opioids through their operation of a pill mill in Anne Arundel County, William Tham's and Physical Medicine & Pain Management Associates P.C.'s participation in the Insys kickback scheme and excessive and improper prescribing of Subsys in Anne Arundel County, and Lawrence Vidaver's and Jackie Syme's excessive and improper prescribing of opioids in Anne Arundel County. Endo seeks to sever the claims against Shaw-Taylor, Aguzie, Ndem, Starlife Wellness Center LLC, Tham, Physical Medicine & Pain Management Associates P.C., Vidaver, and Syme (collectively, the "Prescriber and Pill Mill Defendants").

Endo concedes that certain the legal theories against the defendants in this action overlap. *See* Doc. 1 at 14 (conceding that the County asserts some causes of action against "all defendants"). In addition, the County is suing only certain Defendants —the Manufacturing Defendants (including Endo), Defendant Insys, and the Prescriber and Pill Mill Defendants—under the Maryland False Claims Act. Just as this claim, as well as certain other causes of action, omits the Distributor Defendants, there are certain claims that omit the Prescriber and Pill Mill Defendants. The Manufacturing Defendants, however, are named in every claim. Every cause of action asserted against the Prescriber and Pill Mill Defendants is also asserted against Endo.

Not only the legal theories, but also the factual bases for the claims, overlap. Endo is wrong to claim that the factual basis for the claims are "materially distinct." Doc. 1 ¶ 41. On its face, the complaint shows that facts involving all defendants are intertwined, such that joinder is not only appropriate, but most efficient and key to preventing potentially inconsistent results. For example, the cause of action under the Maryland False Claims Act alleges that Defendant Insys paid kickbacks to prescribers so that they would write medically unnecessary prescriptions of Subsys, a powerful opioid drug; that Defendant Tham was by far the largest recipient of these payments; and, that Defendant Tham wrote a staggering and unprecedented number of prescriptions for Insys. *See* Compl. ¶¶ 199-206. The Complaint further alleges that both Defendants Insys and Defendant Tham profited, at the expense of the County, from the scheme they carried out through a sham "speaker's program" run by Defendant Insys. *See id.* Facts regarding Defendant Tham's role in this scheme will be key to establishing the County's claims against Defendant Insys, and vice versa. Similarly, the County alleges that each Defendant's actions were a substantial factor in causing a public nuisance in the County. The complaint specifically alleges that "Defendants, individually and acting through their employees and agents, and in concert with each other," created a single public nuisance alleged. *See* Compl. ¶ 322. The same cause of action also alleges, for example, that "[a]ll Defendants' actions were, at the very least, a substantial factor in opioids becoming widely available and widely used in Anne Arundel County." *See id.* ¶ 329. Further, Manufacturing Defendants, including Endo, have sought in other actions to shift blame for the nuisance to other parties, including parties such as the Prescriber and Pill Mill Defendants, whom Endo alleges engaged in criminal misconduct. Severing the claims against these parties would not make the factual basis any less overlapping, but would simply allow Endo to blame an empty chair instead of a party defendant.

The factual basis for the claims overlaps even with respect to the negligence-based claims in which Manufacturing and Distributor Defendants are alleged to have failed to report suspicious

prescribers and orders, which the County believes would include the Prescriber Defendants and orders from the Pill Mill Defendants. *See, e.g.*, Compl. ¶¶ 206, 232-240. Although the evidence is currently in Defendants' possession, the County anticipates that evidence that Prescriber and Pill Mill Defendants were engaged in diversion will also supply evidence that their activities raised red flags that the Manufacturer and Distributor Defendants failed to report. This inference is supported by the fact that Endo concedes a number of the Prescriber and Pill Mill Defendants were ultimately prosecuted criminally. *See* Doc. 1 ¶ 9. Given these intertwined facts, it would be highly inefficient to sever the claims. Doing so would likely lead to duplicative discovery. It also raises the specter of inconsistent results concerning, for example, each Defendants' responsibility for the public nuisance and role in causing the County to pay for false or fraudulent claims.

## II. This Court lacks jurisdiction to consider, or convert Endo's removal motion into, a motion to sever.

Endo is wrong to claim that it is "well-established" in the Fourth Circuit that a defendant may remove a case in which diversity jurisdiction is lacking in order to request that a federal court create such jurisdiction by severing the claims. The cases Endo cites concern the Court's ability to entertain a request by *plaintiffs who initially filed in federal court* to drop non-diverse defendants where the defendant seeks to dismiss the entire case on the grounds that diversity jurisdiction, and thus federal subject matter jurisdiction, is lacking, and involve circumstances in which a judgment has been entered. *See Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 691–92 (4th Cir. 1978) (noting that although "it does not follow as a matter (of) right that a party can be dropped at the mere desire of the plaintiff," the court has the discretion, even after entry of a judgment, to grant a motion seeking to dismiss non-diverse parties to remedy a jurisdictional defect); *Koehler v. Dodwell*, 152 F.3d 304, 308 (4th Cir. 1998) (addressing whether non-diverse defendant should be dropped to preserve the validity of a judgment in plaintiff's favor); *Newman-Green, Inc. v.*

*Alfonzo-Larrain*, 490 U.S. 826, 832–34, 109 S. Ct. 2218, 2222–23, 104 L. Ed. 2d 893 (1989) (addressing narrow question of whether an appellate court has the authority to dismiss a dispensable nondiverse party by virtue of Rule 21). Allowing a plaintiff who filed suit in federal court to drop non-diverse defendants, particularly after a case has proceeded to judgment, makes sense, as the plaintiff could simply re-file or amend the complaint in any event, and may also serve to ensure that a plaintiff is not prejudiced by a defendant who belatedly raises a jurisdictional challenge only after unfavorable developments in the case.

In contrast, a party may not file a Rule 21, or other motion, for the court to adjudicate before the threshold question of removal jurisdiction has been decided. *See, e.g., Ex parte McCardle*, 74 U.S. 506, 514 (1869) ("Without jurisdiction the court cannot proceed at all in any cause."). On the face of the complaint, federal jurisdiction is lacking. The Court must therefore remand the action. If Endo wishes to seek severance of any defendants to create a removable action, it has not cited any reason why it could not do so in state court.

The County recognizes that the Court in *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 703–04 (D. Md. 2015), did consider a Motion to Sever and Remand filed simultaneously with a Notice of Removal. That case is distinguishable for three principal reasons. First, there is no such motion before this Court, however. Second, it does not appear that the issues with respect to jurisdiction over such a motion raised here were considered in that case.[1] Third, *Sullivan* involved a different context in which a plaintiff raised products liability claims against a manufacturer and separate medical negligence claims against a healthcare provider. There were no allegations that

[1] The Court describes the *Sullivan* plaintiff's opposition to severance as based on the argument that "the Maryland Healthcare Defendants are indeed necessary and proper parties to the claims against the Ethicon Defendants." *Sullivan*, 117 F. Supp. 3d at 704.

the manufacturer and provider were engaged, together, in a scheme to cause the submission of false claims, that one had a statutory duty to report the suspicious activity of the other, that they maintained a public nuisance together, or other overlapping factual and legal allegations such as those at issue here.

Notably, *Sullivan* relied heavily on *Joseph v. Baxter Int'l Inc.*, 614 F. Supp. 2d 868, 873–74 (N.D. Ohio 2009), *as amended* (May 27, 2009),which reasoned that the decision on the removal question in that case "conform[ed]" to the [Judicial Panel on Multidistrict Litigation ("JPMDL")'s] finding that the type of claims the court severed "d[id] not share sufficient questions of fact" to "warrant inclusion" with other claims in a MDL. Here, by contrast, the JPMDL has not deemed any claims too unrelated to be transferred into the MDL. Rather, the JPMDL created a single MDL with claims against manufacturers, distributors, physicians, and others. Further, even within the Northern District of Ohio, there is precedent contradicting *Joseph*, as discussed below.

**III. Endo's fraudulent misjoinder theory fails.**

Endo concedes that the Fourth Circuit has not passed upon the validity of the "procedural misjoinder" doctrine. *See* Doc. 1 at ¶ 47. District courts, even within the same jurisdiction, have reached conflicting decisions concerning whether to adopt the doctrine. The Northern District of Ohio, to which Endo seeks to have this case transferred, rejected a removal filing based on fraudulent misjoinder in a prior MDL, reasoning that this theory would require the Court to "wade into a thorny thicket of unsettled law." *Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 871 (N.D. Ohio 2008) (internal quotation marks omitted). The Court deemed this course "especially prudent in light of the Sixth Circuit's well-settled rule that removal jurisdiction is to be strictly construed, and all doubts about the propriety of removal are to be resolved in favor of remand." *Id.* at 871-72. The decision further explained that: "the better course of action is for the state court to rule on

the propriety of joinder under the state's joinder law in the first instance. The state court is also then in a position to potentially address a motion to sever the parties and claims for further proceedings" and avoids questions of "whether a federal court should be deciding issues of state joinder law in the first instance." *Id.* at 871. Here too, that is the better course.

Courts within the Fourth Circuit "have split on the issue." *Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 645 (S.D.W. Va. 2017); *City of Huntington v. AmerisourceBergen Drug Corp.*, No. CV 3:17-01362, 2017 WL 3317300, at *4 (S.D.W. Va. Aug. 3, 2017). *Palmetto Health All. v. S.C. Elec. & Gas Co.*, No. 3:11-CV-2060-JFA, 2011 WL 5027162, at *2 (D.S.C. Oct. 21, 2011), "decline[d] to adopt fraudulent misjoinder" absent direction from the Fourth Circuit. A majority of district courts within the Fourth Circuit, however, appear to have applied the doctrine. Although the *McDowell* and *Huntington* decisions did so, in both cases, the Courts also concluded that the defendants were fraudulently joined, making the additional analysis of fraudulent joinder essentially *dicta*.

Even assuming arguendo the validity of the doctrine, a question remains "as to what standard should apply to a "fraudulent misjoinder' claim," including "whether the removing party was required to show either outright fraud, or that there was no possibility that the plaintiff would be able to join the diverse and non-diverse claims. *City of Huntington*, 2017 WL 3317300, at *4; *see also, e.g. Larson v. Abbott Labs.*, No. CIV.A. ELH-13-00554, 2013 WL 5937824, at *11–13 (D. Md. Nov. 5, 2013) (explaining that "[a]mong the courts that have adopted the fraudulent misjoinder doctrine, further disagreement exists over its contours," and "[s]till more disagreement exists over whether to analyze alleged fraudulent misjoinder with reference to the state or the federal procedural rule governing permissive joinder of parties."). Here, the Court need not wade into these thorny questions, because, under any standard, the parties cannot possibly be considered

"fraudulently misjoined." As explained above, the claims at issue are directly related and will involve overlapping evidence and legal issues. Severing this action into pieces would be manifestly inefficient and would likely lead to defendants such as Endo seeking to dismiss the complaint for lack of specificity as to impacts in the County, prescribers who acted as learned intermediaries to prescribe their drugs, and suspicious prescribers or orders they should have reported, while at the same time insisting that other claims involving this same evidence be tried separately.

Endo is also wrong to suggest that transferring this case out of state to await a remand ruling by the MDL court would be more efficient. As an initial matter, Endo's "policy" argument cannot overcome the absence of a statutory basis for federal jurisdiction. Moreover, there would be no efficiency gained, particularly considering the need to address fact-specific questions as to the interplay between the Maryland-law claims in this case and likely need to apply Maryland state joinder law. Last year, a federal court rejected an attempt to defer a remand decision until after the JPML had decided whether to include a case brought by the State of New Hampshire in the MDL. That motion was efficiently decided and the case remanded to state court. *See* Order, *State of New Hampshire v. Purdue Pharma, et al.*, No. 1:17-cv-00427-PB, Doc. 29 (D.N.H. Nov. 27, 2017).

Finally, Endo's removal attempt is also disingenuous in that Endo's characterization of whether a defendant is properly joined appears to change based solely on whether the plaintiff also resides in the defendant's state of residence. Here, Endo does not dispute that claims against the Manufacturer Defendants, Defendant Insys, and the Distributor Defendants are properly joined, and seeks to sever only the Prescriber and Pill Mill Defendants. Endo took the same approach in a New Mexico action. *See County of Mora v. Purdue Pharma L.P. et al*, Case No. 1:17-cv-01044,

Doc. 1 (D.N.M.) (N.D. Ohio Case No. 1:2017-op-45080). By contrast, in *County of Summit, Ohio et al. v. Purdue Pharma L.P. et al.*, Case No. 5:18-cv-00170, Doc. 1 (N.D. Ohio), Endo took the opposite view, arguing that claims against the same Distributor Defendants named here were fraudulently misjoined and should be severed and remanded to state court. The only explicable basis for Endo's differing views concerning whether Distributor Defendants are properly joined and served in an action that also involves manufacturers and/or prescribers appears to be whether the plaintiff is a resident of the same state as a Distributor.

## IV. Conclusion

For the foregoing reasons, the County respectfully requests that this Court remand this action to the Circuit Court for Anne Arundel County, Maryland.

Dated: February 26, 2018

Respectfully submitted,

_/s/ David Ackerman___________

David Ackerman (Bar No. 15921)
Linda Singer (*Pro hac vice to be submitted)*
Elizabeth Smith (*Pro hac vice to be submitted)*
Motley Rice LLC
401 9th Street NW
Suite 1001
Washington, DC 20004
(202) 386-9607
lsinger@motleyrice.com
esmith@motleyrice.com

Hamilton F. Tyler (Bar No. 09423)
Anne Arundel County Office of Law
2660 Riva Road, 4th Floor
Annapolis, MD 21401
(410)222-7888
lwtyle22@aacounty.org

*Attorneys for Anne Arundel County, Maryland*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26th 2018, I caused the foregoing Motion for Remand to be filed with the clerk of the court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the electronic Mail Notice List below:

Allyson Tracey Himelfarb
Arnold & Porter
601 Massachusetts Ave. NW
Washington, DC 20001
allyson.himelfarb@aporter.com

*Attorney for Endo Health Solutions, Inc. and Endo Pharmaceuticals, Inc.*

I hereby certify that a copy of the foregoing is being served upon the following by regular United States mail, postage prepaid:

Edward J. Tolchin
4800 Montgomery Lane, 9th Floor
Bethesda, MD 02814
*Attorney for Defendants Jackie Syme, MD and Arundel Neurology*

Andrew E. Vernick
Vernick & Associates
111 Annapolis Street
Annapolis, MD 21401
*Attorney for Defendants William Tham, M.D. and Physical Medicine and Pain Management Associates, P.C.*

Christopher Daily
Brady Fischel & Daily, LLC
721 Melvin Avenue
Annapolis, MD 21401
*Attorney for Defendants Lawrence Vidaver, M.D. and Maryland Healing Waters LLC*

Mark S. Cheffo
Hayden Coleman
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

Patrick J. Fitzgerald
R. Ryan Stoll

Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY 10036
*Attorneys for Defendants Purdue Pharma L.P., Purdue Pharma Inc., and the Purdue Frederick Company Inc.*

Brian M. Ercole
Morgan, Lewis & Bockius LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
*Attorneys for Defendants Teva Pharmaceuticals USA, Inc., and Cephalon, Inc.*

Charles C. Lifland
O'Melveny & Myers LLP
400 S. Hope Street
Los Angeles, CA 90071
*Attorneys for Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc.*

J. Matthew Donohue
Joseph L. Franco
Holland & Knight LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
*Attorneys for Defendant Insys Therapeutics, Inc.*

Kevin B. Collins
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
*Attorneys for McKesson Corporation*

Enu Mainigi
William & Connolly LLP
725 12th Street, NW
Washington, DC 20005
*Attorneys for Cardinal Health, Inc.*

Robert A. Nicholas
Shannon E. McClure
Reed Smith LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
*Attorneys for AmerisourceBergen Drug Corporation*

Kofi Shaw-Taylor
2631 Green Briar Lane
Annapolis, MD 21401

Happiness Aguzie
8933 Greens Lane
Randallstown, MD 21133

Tormarco Harris
107 Louis Drive
Annapolis, MD 21401

Starlife Wellness Center LLC
c/o Tormarco Harris
9 South Crain Hwy
Glen Burnie, MD 21061

Minnie Ndem
5937 Sandy Ridge
Elkridge, MD 21075

February 26, 2018

By: /s/David I. Ackerman

David I. Ackerman
Motley Rice LLC
401 9th Street, Suite 1001
Washington, DC 20004
dackerman@motleyrice.com
202-386-9607